IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02231-MSK-MEH

EDISYNC SYSTEMS, LLC,

    Plaintiff,

v.

ADOBE SYSTEMS, INC.,

    Defendant.

## ORDER ON JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is a Joint Motion for Entry of a Protective Order [filed February 5, 2013; docket #35]. The Motion contains an adequate description of the parties' respective positions, and the Court does not find that further briefing is necessary. For the reasons that follow, the Motion is **GRANTED IN PART** and **DENIED IN PART** as stated herein.[1]

**I.**     **Background**

Plaintiff's claims in this action arise from U.S. Patent No. 5,799,320 ("the '320 patent"), which issued on August 25, 1998. Since 2001, Plaintiff has retained attorneys from Dorsey & Whitney to represent it in various enforcement actions concerning the '320 patent. These attorneys include Tucker Trautman, Greg Tamkin, and John T. Kennedy. As a result of Plaintiff's litigation efforts, the '320 patent has been subjected to three *ex parte* reexaminations initiated by defendants' counsel in *EdiSync Systems, Inc. v. Centra Software, Inc.*, No. 03-cv-01587-WYD-MEH (D. Colo.)

---

[1]In addition to modifying the terms of the proposed Protective Order, the Court also altered the paragraph numbering. The proposed Protective Order submitted by the parties skipped from paragraph 11 to paragraph 13. (*See* docket #35-1, 14.) The Court has corrected this sequence by including paragraph 12 and omitting paragraph 14.

("the Centra litigation"). The third examination is currently pending.

Plaintiff initiated this case on August 21, 2012, asserting a single claim of patent infringement against Defendant. The parties' discovery efforts are currently underway, and the parties have agreed, for the most part, to a proposed Protective Order regarding the highly confidential documents they plan to exchange. Although the parties jointly propose a prosecution bar which would prohibit any individual who accesses certain highly confidential documents and source code ("the Protected Documents") from participating in patent prosecution directed toward Web Conferencing on behalf of any entity, the parties have not reached an agreement regarding the scope and duration of the prosecution bar. Thus, they have asked the Court to resolve two questions: (1) whether the prosecution bar should include patent reexamination activities; and (2) when the two-year expiration date should begin.

## II.     Applicable Legal Standards

As the party seeking to expand the scope and duration of the prosecution bar, Defendant bears the burden of demonstrating good cause for the additional restrictions. *In re Deutsche Bank Trust Co. Americans*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). Where counsel involved in patent litigation also participate in prosecution, the Federal Circuit has recognized the difficulty of preserving confidentiality with "even the most rigorous efforts," as "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned." *Id*. at 1378-79 (citations and quotations omitted). Because the risk of inadvertent disclosure varies based on an attorney's degree of involvement, a court must examine all relevant facts on a "counsel-by-counsel" basis. *Id*. at 1379. A determination of risk must then be balanced against "the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." *Id*. at 1380. Upon balancing the parties' respective interests, "the district court has broad

discretion to decide what degree of protection is required." *Id.*

## III.    Analysis

### A.    Scope of Prosecution Bar

Defendant asks the Court to enter a Protective Order which would prohibit anyone who accesses the Protected Documents from participating in patent prosecution or reexamination activities directed toward Web Conferencing or the '320 patent. Plaintiff objects to this language and argues that extending the Protective Order to cover reexaminations will effectively divide Plaintiff's long-standing team of counsel into a litigation camp (Messrs. Trautman and Tamkin) and a prosecution camp (Mr. Kennedy).

Upon review of the briefing and relevant case law, the Court does not find good cause for extending the prosecution bar to reexaminations. As the district court recognized in *NeXedge, LLC v. Freescale Semiconductor, Inc.*, 820 F. Supp. 2d 1040, 1044 (D. Ariz. 2011), reexamination is distinct from prosecution in several material ways. "Unlike patent prosecution, reexamination is a limited proceeding assessing only the patentability of existing claims against specific prior art references," which, though relevant in the Centra litigation, is not disputed in this case. *Id.* (citations and quotations omitted). Additionally, while prosecution permits the broadening of claims to allow "new, tailor-made infringement allegations," reexamination amendments "can only serve to *narrow* the original claims." *Id.* (emphasis in original). No details may be added during reexamination unless they already exist in the original patent's specification. *Id.*

Defendant argues that Plaintiff's reexamination activities pose a threat in this litigation because Plaintiff may, upon viewing Defendant's Protected Documents, decide *not* to amend its claims, add new claims, or distinguish the prior art in strategic ways. Although the Court acknowledges these general possibilities, Defendant has not identified any specific way in which

these possibilities will materialize into prejudice in this case. As the Federal Circuit noted in *Deutsche Bank*, a demonstration of risk cannot be based on generalizations; rather, "each case should be decided based on the specific facts involved therein." 605 F.3d at 1379 (citing *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984)). Though Defendant is not required to "suggest amendments which would capture its own products," [docket #35 at 9], it must provide more than a general fear arising from the nature of reexamination itself. *See Deutsche Bank*, 605 F.3d at 1370 ("The facts, not the category, must inform the result."). The Court is not persuaded that Defendant has done so here.

While the Court does not find good cause for the specific language Defendant proposes, Defendant is not without protection. As the court suggested in *Shared Memory Graphics, LLC v. Apple, Inc.*, No. C-10-2475 VRW (EMC), 2010 WL 4704420, at *4 (N.D. Cal. 2010), reexamination preconditioned on an acceptance of an express legal obligation not to rely on confidential information during reexamination provides a measure of additional protection. Plaintiff has agreed to a general provision that prevents the receiving party from using information disclosed or produced in the case from using such information in any other case. In the interest of capturing Defendant's concerns more explicitly, Court will follow the *Shared Memory* decision and modify the proposed Protective Order to expressly prohibit use of the confidential information in any present or future reexamination activities.

      B.      Duration of Prosecution Bar

In addition to disputing the scope of the prosecution bar, the parties are also unable to agree on its duration. Defendant proposes a term that would extend the bar through and including two years following the termination of the case, including any appeals. Defendant argues that measuring the expiration based on the conclusion of the action is preferable for its consistency and clarity.

Though Plaintiff agrees that a two year period is appropriate, it believes the clock should begin to run on the last date that the person received, saw, or reviewed the Protected Documents. According to Plaintiff, the proposed Protective Order provides for restrictive technology that would enable one to track with particularity when an attorney last viewed a document. Additionally, Plaintiff argues that extending the bar for two years after the close of the action would effectively constitute a restraint on trade and preclude various patent attorneys from practicing law.

Upon review of the proposed Protective Order, the Court finds that Defendant's proposal is considerably more workable and, in light of the modified scope of the prosecution bar, would not present an unreasonable restraint on an attorney's ability to continue practicing patent law. Notably, the proposed Protective Order permits the production of hard copies, the viewing of which is less readily traceable. Though the viewing party is required to disclose the date and time of viewing, the Court sees room for dispute regarding the accuracy of such records. Such disputes should be avoided. Moreover, the Court notes that under Plaintiff's scheme, the date of expiration will be different for each attorney. This element of inconsistency increases the cost of enforcement insofar as it requires separate monitoring for each attorney's activities. Thus, the Court finds good cause for the more well-defined standard Defendant proposes. Plaintiff's concerns regarding trade restraint are sufficiently mitigated by the narrowed scope of the prosecution bar.

**IV.    Conclusion**

For the reasons set forth above, the Court will enter the proposed Protective Order with these modifications: (1) the prosecution bar shall not apply to reexaminations; however, all persons subject to the Protective Order will be expressly prohibited from using any protected discovery in reexamination proceedings in any other case; and (2) the prosecution bar shall extend for two years after the conclusion of this case, including any appeals. The Joint Motion for Entry of a Protective

Order [filed February 5, 2013; docket #35] is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

Dated and entered at Denver, Colorado, this 13th day of February, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge