IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02231-MSK-MEH

EDISYNC SYSTEMS, LLC,

      Plaintiff,

v.

ADOBE SYSTEMS, INC.,

      Defendant.

---

## PROTECTIVE ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Pursuant to the Court's Order on the parties' Joint Motion for Entry of a Protective Order and for good cause shown, the Court enters the following Protective Order:

## 1.　　PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2.　　DEFINITIONS

2.1　　Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL -- SOURCE CODE".

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and/or any reexamination relating to U.S. Patent No. 5,799,320, (2) is not, within the last five (5) years, a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less

restrictive means.

2.9    "HIGHLY CONFIDENTIAL - SOURCE CODE" Information or Items: source code, electronic files used in network operations, or other extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or as

"HIGHLY CONFIDENTIAL -- SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    Web Conferencing: Software, services and/or technology that implements real-time collaboration on, and editing of computer files by, multiple remotely located computer users.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. The protections conferred by this Stipulation and Order do not cover the following information:

(a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and

(b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses

in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection.  In determining the scope of information that a party may designate as its Protected Material, each party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Protected Material and responses to requests to permit further disclosure of Confidential Information or Items shall be made in good faith and not (1) to impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

 (a) Labeling or Marking: The labeling or marking of a document or tangible thing with the designation "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL -- SOURCE CODE" shall be made when a copy of the document or thing is provided to the Receiving Party by placing the legend "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL -- SOURCE CODE," on the face

of each such document or thing. Any such designation that is inadvertently omitted or misdesignated may be corrected by written notification to counsel for the Receiving Party, and the Receiving Party shall thereafter mark and treat the materials as "CONFIDENTIAL," " CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL -- SOURCE CODE," as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated. If, prior to receiving such notice, the Receiving Party has disseminated the Confidential Information or Items to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential materials or to otherwise assure that the recipient(s) properly mark the Confidential Information or Items and maintain the confidentiality of the Confidential materials, but shall have no other responsibility or obligation with respect to the information disseminated.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL -- SOURCE CODE") to each page that contains Protected Material. To the extent the inspecting Party requires immediate production of selected documents, said documents shall be produced with a designation of HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY. The Producing Party shall provide copies of all requested documents with

appropriate designations within 14 days of any inspection, unless otherwise agreed to be the Parties. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) Depositions: In the case of deposition upon oral examination or written questions, such testimony shall be deemed "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" until the expiration of thirty (30) days after the deposition unless otherwise designated at the time of the deposition or during the thirty (30) day period. Pages or entire transcripts of testimony given at a deposition or hearing may be designated as containing "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL -- SOURCE CODE" information by an appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition. If the testimony is not otherwise designated at the time of the deposition or during the thirty (30) day period after the deposition, the testimony will be deemed to be "CONFIDENTIAL."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day

period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) Written Discovery Responses:  In the case of written discovery responses and the information contained therein, the responses may be designated as containing "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL -- SOURCE CODE" information by means of a statement at the conclusion of each response that contains such information specifying the level of designation of the Confidential Information and by placing a legend on the front page of such discovery responses stating:  "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers]."

(d)  In the case of Confidential Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above, such information may be designated "CONFIDENTIAL," "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL -- SOURCE CODE" by informing the Receiving Party of the designation in writing either at the time of transfer of such information or within thirty (30) days after the transfer of such information.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential," "Highly Confidential - Outside Counsel Only," or "HIGHLY CONFIDENTIAL -- SOURCE CODE" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Inadvertent Production.  Inadvertent production or disclosure of documents or information

8

subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents or information, including all copies thereof, shall be returned to the Producing Party immediately upon request.  No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  In the case of an inadvertently produced document, the Producing Party shall then provide a privilege log identifying such inadvertently produced document.  The Receiving Party may move the Court for an Order compelling production of any inadvertently produced document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the privilege log) in any way in connection with any such motion.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge is necessary to avoid a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing with particularity the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in-person or via phone) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to re-designate confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Producing Party may review the Producing Party's own Protected Material.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting

to settle this litigation. A Receiving Party may not use any Protected Material in connection with any reexamination activities in any other lawsuits. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, including both local and trial counsel, as well as employees and agents of such Counsel, including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case:  independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non-technical jury or trial consulting services (expressly excluding mock jurors) provided such individuals agree to be bound by this Protective Order;

(b) no more than three corporate representatives (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, including both local and trial counsel, as well as employees and agents of such Counsel, including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case:  independent legal translators retained to translate in connection with this action; independent

stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non-technical jury or trial consulting services (expressly excluding mock jurors) provided such individuals agree to be bound by this Protective Order;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed];

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or the original source of the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has provided consulting services related to an actual, threatened or

anticipated litigation during the preceding four years, and (4) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding four years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (in person or via phone) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

Notwithstanding the foregoing, Defendants hereby do not object to Plaintiff's Experts of record in the related case, Case No. 1:03-cv-01587-WYD-MEH, namely, Dr. Gary Nutt, Dr. John Black, and Mr. Mark Pedigo, including for purposes of Section 7.5.

7.5   Disclosure of "HIGHLY CONFIDENTIAL -- SOURCE CODE" Information or Items.  HIGHLY CONFIDENTIAL -- SOURCE CODE material and any information contained

therein may be disclosed only to the following persons and in strict accordance with the following procedures:

(a)      To the extent in electronic format, will be provided on a stand-alone computer with all ports, software and other avenues that could be used to copy or transfer such data blocked ("Stand-alone Computer").  The Stand-alone Computer shall include a line editor to facilitate review of the source code, and shall be maintained in the sole control and custody of counsel of record for the Producing Party and shall be maintained in the United States at the Denver office of counsel of record for the Producing Party.  Counsel of record for the Producing Party shall provide access to the stand-alone computer and the source code during normal business hours, upon reasonable notice, unless otherwise agreed.

(b)      To the extent not in electronic format, shall be designated using the same processes applied to CONFIDENTIAL and CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials described in paragraph 5.2 above.

(c)      Only persons designated under paragraph 7.3(a) and 7.3(b) above shall have access to the Stand-alone Computer provided however that the following additional restrictions shall apply to such access:

(i)      at least seven (7) days prior to the date on which access is sought to such Stand-alone Computer (seven day notice period), counsel of record for the Receiving Party shall provide a list of individuals including attorneys seeking to access such Stand-alone Computer and the designating party shall have the right to object to such access in accordance with paragraph 7.4 herein, unless notice was previously provided with the initial Section 7.4 procedure for disclosure of an Expert;

(ii)      during the pendency of the seven day notice period, no newly listed individual shall have access to the Stand-alone Computer;

(iii)    If an objection to any specific listed individual is made, that individual shall not have access to the Stand-alone Computer until resolution of such objection; and

(iv)    Each time a person accesses the Stand-alone Computer, the person shall sign an "Access Log" prior to, and  subsequent to, accessing the Stand-alone Computer including the name of the person accessing, the date and time in and out, and whether any hard copies were made.

(d)    The Receiving Party shall not have the right to, and agrees not to, copy, transmit or duplicate HIGHLY CONFIDENTIAL -- SOURCE CODE materials in any manner, including scanning or otherwise creating an electronic image of the HIGHLY CONFIDENTIAL -- SOURCE CODE materials, except as set forth herein.

(i)    The Receiving Party may request no more than 1,000 total pages of Source Code to be printed and provided by the Producing Party.  The Receiving Party may not request paper copies before first reviewing the Source Code via electronic means as set forth in paragraph (a) above. Further, the Receiving Party may only request paper copies after determining that the requested paper copies are reasonably necessary to proving elements of the Receiving Party's case.

(ii)    Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide a set of the paper copies on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL - SOURCE CODE."  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

 (iii)    The Receiving Party shall not create any electronic or other images of any paper copies of Source Code.  The Receiving Party is permitted to make two (2) additional hard copies of the paper copies of Source Code.  The Receiving Party shall only make additional hard copies as reasonably necessary for the purposes for which such part of the Source Code is used.

(iv)    Receiving party shall keep a Hard Copy Access Log including:  (a) the custodian of each

16

copy of any HIGHLY CONFIDENTIAL -- SOURCE CODE materials; (b) the name of all persons accessing the HIGHLY CONFIDENTIAL -- SOURCE CODE materials; and (c) the date and time of access of the HIGHLY CONFIDENTIAL -- SOURCE CODE materials.

(e)     All HIGHLY CONFIDENTIAL -- SOURCE CODE materials, including all copies, in the possession of the Receiving Party shall be maintained in a secured, locked area.

(f)     All HIGHLY CONFIDENTIAL -- SOURCE CODE materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.  At no time, will any HIGHLY CONFIDENTIAL -- SOURCE CODE material be given to or left with the Court Reporter or any other individual.

(g)     Receiving party shall not convert any of the information contained in the hard copies into an electronic format.

(h)     Producing Party hereby agrees to provide a Stand Alone Computer containing the Source Code and an attached projector for any deposition designated in advance by a Receiving Party as covering topics with respect to which access to the Source Code in its electronic format may be necessary.

## 8.     PROSECUTION BAR

As used herein, "Patent Prosecution" shall mean indirectly or directly drafting, amending, surrendering, cancelling, or otherwise affecting the scope or maintenance of patent claims, and shall apply to the prosecution of patent applications before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").

Absent written consent from the Producing Party, any individual who accesses "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL -- SOURCE CODE" information shall not directly or indirectly participate in Patent Prosecution activities

directed toward Web Conferencing on behalf of any entity (except on behalf of the Producing Party) whether or not a party.

This Prosecution Bar shall be in effect from the time such person last receives, sees, or reviews such Confidential Information or Items through and including two (2) years following the termination of the Action, including any appeals thereof.

Further, to ensure compliance with the protections intended by this paragraph, each law firm appearing as counsel in the Action, and any corporate representative permitted access to Confidential Information or Items under the terms of this Protective Order, is to implement an "Ethical Barrier" to prevent disclosure of Confidential materials to any attorneys, employees or other staff who are not permitted access to Confidential Information or Items under the terms of this Protective Order.

This paragraph shall not be construed, however, to prevent such persons from generally discussing patents or patent applications relating to the subject matter of the patent in suit with other persons engaged in the prosecution or preparation of new patent applications relating to such technology, provided that no Confidential Information or Items may be disclosed to such other persons.

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL -- SOURCE CODE" the Receiving Party must:

(a) promptly, and in no event more than  five (5) court days after receiving the subpoena or order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or

18

court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL -- SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL -- SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's

confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) notify in writing the Requesting Party and the Non-Party in advance of the production that some or all of the information requested is subject to a confidentiality agreement with a Non-Party and afford a reasonable opportunity for the Non-Party to seek relief; and

(ii) provide the Non-Party with a copy of the Protective Order in this litigation and a reasonably specific description of the information requested in the litigation.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its

modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party

waives any right it otherwise would have to object to disclosing or producing any information or

item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to

object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and

regulations relating to the export of technical data contained in such Protected Material, including

the release of such technical data to foreign persons or nationals in the United States or elsewhere.

The Producing Party shall be responsible for identifying any such controlled technical data, and the

Receiving Party shall take measures necessary to ensure compliance.

12.4    Filing Protected Material. A Party that seeks to file under seal any Protected Material must

comply with the applicable local rules.

12.5    Testifying Experts.  Testifying experts shall not be subject to discovery of any draft of their

reports in this case and such draft reports, notes, outlines, or any other writings leading up to an

issued report(s) in this litigation are exempt from discovery.  In addition, communications between

counsel for a Party and that Party's testifying expert(s) related to the content of expert reports are

exempt from discovery, provided that this limitation on discovery does not permit a Party to

withhold any material relied upon by testifying experts solely on the ground that such material was

provided to the expert by counsel.  All materials generated by a testifying expert with respect to that

person's work are also exempt from discovery unless they identify facts, data or assumptions relied

upon by the expert in forming any opinions in this litigation and such information is not already

disclosed in the expert's report.

12.6    Privilege Log.

(a)  The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

(b)   No Party shall be required to identify on their respective privilege log any document or communication related to this litigation dated on or after filing of the original lawsuit, which absent this provision, the Party would have been obligated to so identify on said privilege log.

(c)  Each party's privilege log shall set forth the privilege relied upon and specify separately for each document or each category of similarly situated documents:

(1) a description of the document;

(2) the identity of its author(s);

(3) the identity of all known addressees and recipients;

(4) the date the document was prepared or, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and

(5) the specific basis for the claim that the document is privileged or protected.

12.7    This Order is entered without prejudice to the right of any Party or third party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order with respect to that Party's Protected Information even if the conduct subject to the release would otherwise violate the terms herein.

12.8    Nothing herein shall prejudice the right of any Receiving Party to move to amend or modify this Order to permit the disclosure or use of Protected Information produced or otherwise disseminated pursuant hereto for good cause shown and where the proposed disclosure is in the

interest of justice.

12.9     Nothing in this Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own Protected Information to any person. Such disclosures shall not affect any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL -- SOURCE CODE" designation made pursuant to the terms of this Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

12.10   This Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence.  Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Information, provided counsel does not disclose the Protected Information itself except as provided in this Order.

## 13.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that confirms all Protected Material has been returned or destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

(DURATION).  Further, the Parties shall not be required to search e-mail records or systems to identify any Protected Material that may be contained therein.

Dated and entered at Denver, Colorado, this 13th day of February, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge